ELLIOTT J. WILLIAMS, Oregon Bar No. 144835
elliott.williams@stoel.com
BRIAN D. BOLLT, Oregon Bar No. 223576
brian.bollt@stoel.com
AUSTIN L. ZUCK, Bar No. 257130
austin.zuck@stoel.com
STOEL RIVES LLP
760 SW Ninth Avenue, Suite 3000
Portland, OR  97205
Telephone:  503.224.3380
Facsimile:  503.220.2480

*Attorneys for Plaintiff Lynx Franchising Intellectual
Property, LLC*

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| LYNX FRANCHISING INTELLECTUAL PROPERTY, LLC, a Delaware limited liability company | Case No.: 3:25-cv-00150-MC |
| Plaintiff, | **DECLARATION OF CARL SPAGNUOLO IN SUPPORT OF PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION FOR PARTIAL SUMMARY JUDGMENT** |
| v. | |
| SUPERIOR FENCE AND CONSTRUCTION, INC., an Oregon corporation, | |
| Defendant. | |

153136681.1 0084049-00001

I, Carl Spagnuolo, hereby declare as follows:

1.      I am an attorney with the law firm McHale & Slavin, P.A., located in Palm Beach Gardens, Florida, (hereafter "McHale & Slavin"), and have personal knowledge of the facts recited below.

2.      I am a member of the Florida Bar in good standing since November, 1998 and, for the past 25 years my area of practice has been trademark prosecution. I have worked on trademark filings for Lynx Franchising Intellectual Property LLC and its predecessors, (hereafter, "LYNX"), since at least 2012.

3.      McHale & Slavin did not file the trademark application that matured into US Registration Number 3873318, "SUPERIOR FENCE & RAIL, INC."  LYNX acquired this brand and trademark registration in December, 2021. Accordingly, Reg. No. 3873318 was not initially included on the McHale & Slavin trademark critical dates docket and was not subject to the McHale & Slavin standard scheduling procedures related to trademark files originating with McHale & Slavin, which would have prompted filing the Section 15 Declaration at the six-year renewal date.

4.      During the first half of 2024, my primary contact at LYNX was Assistant General Counsel, Julie McClellan, and not typically its General Counsel, Sanjay Malhotra.

5.      On July 2, 2024, it was discovered that the prior owners of Reg. No. 3873318 failed to file the Section 15 declaration of incontestability. I alerted Julie McClellan to this discovery on July 2, 2024 and that Reg. No. 3873318 was eligible for its Section 15 Declaration and that the declaration should be filed.

6.      During much of the year 2024 McHale & Slavin was experiencing extreme difficulties with e-mail communications with all LYNX recipients.  In-depth research into the problem was commenced by LYNX' and McHale & Slavin's in-house Information Technology

Page 1 – Declaration of Carl Spagnuolo
153136681.1 0084049-00001

("IT") specialists. This problem interrupted normal communications between all McHale & Slavin and effectively paralyzed our ability to service LYNX during this period of 2024.[1]

7.  On October 10, 2024, I was informed by Mr. Malhotra that Julie McClellan had departed LYNX and that he would be taking over the lingering matters that she had been handling with me and others at McHale & Slavin.  This precipitated increased direct communications with Sanjay Malhotra regarding unfinished business not completed with Julie McClellan; one such item was the Section 15 filing for U.S. Reg. No. 3873318.

8.  On my instruction and supervision, on or about October 14, 2024, my staff prepared a trademark declaration of incontestability for Sanjay Malhotra and sent an email from ustrademark@mchaleslavin.com to Mr. Malhotra requesting his signature on the Section 15 Declaration of Incontestability for Lynx's trademark registration for SUPERIOR FENCE & RAIL INC.

9.  As of October 14, 2024, neither myself, nor anyone at McHale & Slavin were ever informed of, or otherwise knew of, the law suit filed in Oregon State Court by Superior Fence and Construction, Inc.

10.  The declaration of incontestability was forwarded to Mr. Malhotra by McHale & Slavin because it was discovered on July 2, 2024 that the prior owner of U.S. Reg. No. 3873318 failed to file said declaration despite the mark being eligible for incontestability status. Mr. Malhotra did not request the declaration of incontestability. At that time, the Section 15 Declaration was one of a number of delayed trademark projects that needed to be tended to.

---

[1] A majority of our interaction with trademark clients pertains to sending and receiving documents and often images and drawings. Notices of trademark maintenance and details of trademark applications cannot be efficiently handled by placing telephone calls due to missed calls and necessity to leave messages. Electronic mail allows for communication of not only expression but also associated documents, images, drawings, and trademark specimens.

11.     The task of filing the declaration of incontestability was but one of a number of trademark matters that lapsed due to the apparent disconnection with Julie McClellan and the e-mail disruptions occurring between McHale & Slavin and LYNX.

12.     At the time of preparing and submitting the declaration of incontestability, I was not aware of any litigation involving the SUPERIOR FENCE & RAIL mark.  It was not until late 2025 or early 2026 that I even learned that LYNX, or its franchisee, were involved in litigation with Superior Fence and Construction, Inc. in Oregon. Mr. Malhotra contacted me to advise that he received a notice of deposition from Superior Fence and Construction, Inc. Upon my diligent inquiry for this Declaration, no one at McHale & Slavin was aware of any litigation involving the SUPERIOR FENCE & RAIL mark at the time the declaration of incontestability was prepared and filed, or at any time prior to 2025.

* * *

I declare under penalty of perjury that the foregoing is true and correct.

SIGNED this 3rd day of June, 2026, at Palm Beach Gardens, Palm Beach County, Florida.

_____
Carl J. Spagnuolo

Page 3 – Declaration of Carl Spagnuolo
153136681.1 0084049-00001